UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER FRANCOIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-4505** |
| **SGT. WILLIAM RIGDON, ET AL** | **SECTION "N"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

**I.    Factual Background**

    **A.    The Complaint**

The plaintiff, Christopher Francois ("Francois"), is an inmate presently incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana. Francois filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, Sergeant William Rigdon, Captain Wade Rigdon, Kevin Luper, Captain Jhon Knight, Major Jeff William, Master Sergeant Mickey Dillion, Master Sergeant Patrick Martin, Master Sergeant James Seal,

Sergeant Cory Jackson, Sergeant Melissa Seal, and Sergeant Colter Brumfield. Francois's claims arise after a fight between him and his cellmate, Danny Trotter, on October 28, 2007.

Francois alleges in the original and amended complaints that, Sergeant Jackson was the first to arrive on the scene after Trotter was knocked unconscious. Francois states that he was ordered to stop fighting and to exit the cell. He claims that he complied with the orders of Master Sergeant Dillion, Sergeant Rigdon, and Sergeant Brumfield. However, he claims that, despite his compliance, Sergeant Rigdon snatched him by his jumpsuit and slammed him against the plexiglass across the hall in front of his cell. Sergeant Rigdon and Sergeant Brumfield allegedly yelled at him to stop resisting while they twisted his arms behind him to put on handcuffs.

Francois complains that the officers manhandled him while he was compliant and silent. He also complains that Sergeant Brumfield escorted him off the tier in handcuffs and barefooted. He indicates that he was taken to the Sun Unit main lobby.

Francois further alleges that he was then met by Lieutenant Luper, who was under the impression that he was resisting. Lieutenant Luper then ordered the officers to place Francois on his knees facing the wall. Francois complains that, after he was placed on his knees, Sergeant Brumfield placed shackles on his ankles.

After that, Francois alleges, Sergeant Rigdon yelled at him to face the wall. When he replied that he was, Rigdon walked over and slammed his head against the wall multiple times. This, he claims, chipped his front left tooth, created a hole in his gold tooth, and injured his nose and head. He also indicates that he was handcuffed and shackled at the time.

Francois further complains that when Sergeant Rigdon stopped hitting him; Lieutenant Rigdon, Lieutenant Luper, Lieutenant Knight, and Sergeant Brumfield commenced punching and

kicking his back, arms, thighs, ribs, neck, face, and the back of his head. According to Francois, this beating lasted a little longer than a minute. Francois also discovered that Captain Williams, Master Sergeant Dillion, Master Sergeant Martin, Master Sergeant Seal, Sergeant Jackson, and Sergeant Hendrick observed the beating and did nothing to stop it. Francois also complains that the officers destroyed one-third of his property, including addresses, telephone numbers, legal books, and other documents. He further claims that he did not receive sufficient medical care and further that the medical staff, including Dr. Thomas and the nurses, failed to document the full extent of his injuries.

As a result of the above, Francois seeks to have this Court order the prison officials to provide the dental repair work he needs at Sergeant Rigdon's expense. He also seeks an order for a demotion in rank for each defendant. He also seeks an award of compensatory damages, including reimbursement of medical costs, nominal damages for subjecting him to cruel and unusual punishment in the form of the beating, punitive damages, and other damages as appropriate.

Francois also indicates in his complaint that he has exhausted administrative remedies at the prison through grievance No. RCC-2007-508.

**B.  Prior Case History**

On May 28, 2009, Francois filed a *pro se* and *in forma pauperis* complaint in Civil Action No. 08-3485"A"(4), in which Francois raised the identical claims as are presented in this lawsuit against the same defendants.[1] The defendants filed a Motion for Summary Judgment in which they

---

[1] There was one additional defendant in that case, Sergeant Stakes, who could not be properly identified or served with a summons and who was eventually voluntarily dismissed by Francois. Civ. Action No. 08-3485"A"(4), Rec. Doc. Nos. 21, 35.

argued that Francois failed to exhaust administrative remedies at the prison prior to filing the suit.[2] Francois filed an opposition.[3]

On April 3, 2009, the undersigned Magistrate Judge issued a Report and Recommendation recommending that the motion be granted and that Francois's claims be dismissed without prejudice for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).[4] In doing so, the Court specifically resolved that Francois's filing of grievance No. RCC-2007-508 was dismissed by the RCC officials as repetitious of his first grievance, No. RCC-2007-503, which Francois voluntarily withdrew before the officials could address his claims. The Court also resolved that grievance No. RCC-2007-508 did not qualify as a second-step appeal from the first withdrawn grievance, nor did it act to complete exhaustion of the two-step grievance process as required before filing his federal lawsuit.

On May 14, 2009, the District Judge adopted the report and ordered that the defendants' motion be granted and that Francois's complaint be dismissed without prejudice for failure to exhaust administrative remedies.[5] Although the record established that No. RCC-2007-508 was dismissed by the RCC officials as repetitive at the first step, the District Judge ordered *sua sponte* that the Warden of RCC "shall thoroughly review" grievance No. RCC-2007-508 within 60 days of its order so to allow Francois to properly exhaust administrative remedies. The Warden was not a party to the suit and there is no indication in the record that the Warden was notified by the Court

---

[2]Civ. Action No. 08-3485"A"(4), Rec. Doc. No. 45.

[3]Civ. Action No. 08-3485"A"(4), Rec. Doc. No. 48.

[4]Civ. Action No. 08-3485"A"(4), Rec. Doc. No. 57.

[5]Civ. Action No. 08-3485"A"(4), Rec. Doc. No. 63; *see also*, Rec. Doc. No. 64 (Judgment).

4

of this directive. Furthermore, Francois still has failed to provide any indication or documentation that he completed the second-step appeal of No. RCC-2007-508 or any of his grievance complaints.

## II. Standard of Review for Exhaustion of Administrative Remedies

A prisoner must exhaust all available administrative remedies before bringing an action in federal court regarding prison conditions. Under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The United States Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001).

The Court recognizes that RCC is a correctional facility under the authority of the Louisiana Department of Corrections, which requires a two-step administrative remedy procedure. At the first step, an inmate submits his grievance to the warden within ninety days of the incident giving rise to the complaint. The warden generally has forty days in which to respond. If the warden fails to respond, or if the inmate is dissatisfied with the warden's response, the inmate may proceed to the second step by requesting review of the matter by the Secretary of the Louisiana Department of Public Safety and Corrections. The Secretary generally has forty-five days in which to respond. La. Admin. Code tit. 22, § 325 (2008).

**III.     Analysis**

Francois concedes that he filed a grievance, No. RCC-2007-508, regarding the incident at issue. As discussed above, the Court takes notice from Francois's prior case that the first-step response was issued rejecting ARP No. RCC 2007-508 as repetitive. Francois never proceeded to the second step of the review process by appealing the warden's rejection of No. RCC-2007-508 as repetitive.

At the conclusion of Francois's prior case, the District Judge issued a *sua sponte* directive for the Warden of RCC to consider No. RCC-2007-508, even though it already had been dismissed as repetitive. As noted above, there is no indication that this order was ever served upon the Warden of RCC, who was not a party to the prior litigation, nor is he a party in the instant suit. Nevertheless, even assuming the Warden reconsidered No. RCC-2007-508, Francois has once again failed to establish that he completed or pursued the second-step of the process with the Secretary of the Louisiana Department of Corrections.

Instead, Francois once again relies solely on No. RCC-2007-508 to establish exhaustion. As has been resolved previously by the Court, the submission of No. RCC-2007-508 to the RCC officials was not adequate to complete exhaustion. *See Porter*, 534 U.S. at 524-25. For these reasons, the Court finds that Francois again has failed to establish exhaustion of administrative remedies.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Christopher Francois's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies as required under the provisions of 42 U.S.C. §1997e(a), unless Francois can, within ten (10) days of

the service of this Report and Recommendation, provide the Court with proof that he has completed a second-step review or appeal to the Louisiana Department of Corrections related to No. RCC-2007-508. If he does so to the satisfaction of the District Judge, the matter should be referred back to the undersigned for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 10th day of November, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**